CASE 23—PETITION EQUITY—FEBRUARY 23.

# Lockridge vs. Biggerstaff.

APPEAL FROM MADISON CIRCUIT COURT.

1. An injunction arrests the execution of a *fieri facias*, though levied, and releases the levy and discharges the lien created by it, notwithstanding, the injunction is adjudged to have been wrongfully sued out. *Keith vs. Wilson* (3 *Met.*, 202.)

2. A creditor whose execution has been levied and then enjoined, should, on a dissolution of the injunction, sue out new *fi. fa.*, and not a *venditioni*.

S. TURNER, for appellant, cited 3 *B. Mon.*, 304; 3 *Bibb*, 344; 9 *B. Mon.*, 125; 5 *B. Mon.*, 138.

R. M. & W. O. BRADLEY for appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

In the case of Keith vs. Nelson (3 *Met.*, 202), this court held that an injunction arrested the execution of the *fieri facias*, though levied, and released the levy and discharged the lien created thereby; and this, notwithstanding the injunction had been adjudged to be wrongfully sued out; and numerous authorities are referred to in support of this proposition. This being regarded as sound law, the consequence is, that Lockridge can derive no benefit from the levy of his first execution on the property in contest, as this execution and levy were stayed by injunction; and that, after the injunction was dissolved, he properly sued out a new execution instead of a *vcnditioni exponas*.

And as he had notice, before the levy of this execution on the property in contest as the property of H. D. Oldham, that Biggerstaff had purchased it from Oldham long anterior to the issual of his first execution, he can derive no benefit from the levy of either execution, as the property belonged to Biggerstaff, and the levy of the first execution was released by the injunction, and Lockridge had notice, previous to the levy of the second execution, that the property was Biggerstaff's, and not.Oldham's, his execution debtor.

It is not necessary to determine what would have been the effect of the first levy had it not been released by the injunction.

Wherefore, the judgment is affirmed.